ALBANY,
January, 1816.

WIDRIG
v.
OYER.

WIDRIG *against* OYER AND WIFE.

To say of a woman, " she procured, or took medicine, or poison. to kill the bastard child she was like to have; and she did kill, or poison, the bastard child she was like to have," &c., is actionable.

IN ERROR, from the court of common pleas of *Herkimer* county. The plaintiff brought an action of *slander* in the court below. The words charged, as spoken by the wife of *Oyer*, the defendant, of and concerning the plaintiff, were, " She (meaning the plaintiff) did, with the assistance of her mother, procure, and take medicine, or poison, in order, and with intent, to kill, and poison to death, a bastard child she (the plaintiff) was pregnant with, or like to have; and she (the plaintiff) did kill the bastard child which she was like to have, by means of taking the said medicine," &c. The defendants demurred to the declaration, and the court below gave judgment for the defendants on the demurrer.

The only question was, whether the words charged in the declaration were actionable?

*N. Williams*, for the plaintiff in error. He cited *Brooker v. Coffin*, 5 *Johns. Rep.* 188. 3 *Co. Inst.* 50. 1 *Bl. Com.* 129., *Christian's note.* 1 *Hawk. Pl. Cr.* b. 1. ch. 31. sect. 16. *Bracton*, l. 3. ch. 21. *Finch's Law*, 186. He was stopped by the court.

*Skinner*, contra, said it was idle to go back to ancient books, when this court had so clearly laid down the rule, as to what words were actionable, in *Brooker* v. *Coffin*; " That where the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, *or* subject him to an infamous punishment, the words, in themselves, were actionable." We admit the soundness of the rule, but with a slight alteration of " or" to *and*, which would make it conformable to the cases in *Wilson** and *Salkeld.* The charge. we contend, must not only involve moral turpitude, but, also, subject the party charged to an infamous punishment. Procuring an abortion is not, by the law of *England*, or of this state, murder, or manslaughter.† The impossibility of proving the fact may, perhaps, be the reason why no case can be found in which such an offence has been punished in *England*.

\* *Onslow* v. *Horne.* 3 *Wils. Rep.* 177. 3 *Salk.* 328.

† 1 *Hale P. C.* 433. 3 *Co Inst.* 50. *Hawk* b. 1. ch. 31. sect. 6.

*Per Curiam.* We have no doubt the offence charged is indictable, and its criminality, or moral turpitude, cannot be questioned. The words were clearly actionable, within the rule laid down by us in *Brooker* v. *Coffin,* which we consider as affording the best criterion for determining whether words spoken are actionable or not. The judgment of the court below must be reversed.

Judgment reversed.