NEW-YORK,<br>May, 1832.<br>Alexander<br>v.<br>Alexander.

---

### ALEXANDER vs. ALEXANDER.

In an action of *slander*, the charge of *forgery* does not necessarily and exclusively mean a *felonious forgery*, punishable as such; if the plaintiff is charged with having been guilty of any forgery, which if committed, would subject him to criminal punishment of any description, the action lies.

Thus, where there were general words charging *forgery*, and from the explanation of the witnesses it appeared that the defendant charged the plaintiff with forging his name to a petition to the legislature, in relation to a lot of land to which the defendant claimed a pre-emptive right, by means of which the plaintiff instead of the defendant obtained the lot, *it was held*, that an action of slander might be maintained for the speaking of the words; for if the charge was true, the plaintiff would be punishable, as for a misdemeanor.

THIS was an action of *slander*, tried at the Madison circuit in October, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The declaration charged that the defendant, intending to subject the plaintiff to the pains and penalties by the laws and statutes of the state made and provided against those who commit any kind of felony, forgery, fraud, trickery, cheating

or deceit, on, &c., at, &c., in a certain discourse of and concerning the plaintiff, spoke and uttered in the presence and hearing of divers citizens, the following words : " He forged my name, and I can put him in the state prison. My brother Jonathan has forged my name, and I can put him in the state prison, Jonathan is guilty of forgery ; he is guilty of forgery ; my brother is guilty of forgery ;" which words were laid with proper *innuendoes.* There were three counts, in each of which the words were alleged to have been spoken in substantially the same form. The defendant pleaded the general issue. On the trial of the cause the plaintiff proved that the defendant in speaking of the plaintiff, had said that he (the plaintiff) had forged his name to a petition, and that he (the defendant) could put him into the state prison for it. On the cross-examination of the witnesses it appeared that the charge of the defendant related to the plaintiff's affixing the name of the defendant to a petition presented to the legislature in relation to a lot of land, to which the defendant claimed a pre-emptive right ; that the defendant charged the plaintiff with having forged his name to the petition, by means of which the plaintiff, instead of the defendant, had obtained the lot. The plaintiff having rested, the defendant's counsel moved for a *nonsuit,* on the ground that by the declaration the defendant was charged with having accused the plaintiff as guilty of a *felonious forgery,* and that the proof did not support the declaration. The judge sustained the motion, and nonsuited the plaintiff, who now moved to set the nonsuit aside.

*T. Jenkins,* for the plaintiff.

*J. A. Spencer,* for the defendant.

*By the Court,* SUTHERLAND, J.   I am inclined to think the plaintiff was improperly nonsuited ; that the *forgery* alleged in the declaration to have been charged by the defendant upon the plaintiff is not to be understood as meaning necessarily and exclusively a *felonious forgery,* punishable as such ; but such a forgery as would subject him to criminal punishment of some description, if he had in fact committed it. In som

of the counts some of the words are simply, that Jonathan had been guilty of forgery, without the accompanying decla- ration that the defendant would or could send him to the state prison for it. Now I do not see why these words are necessarily to be construed as imputing a technical felonious forgery ; they may well be understood as comprehending any forgery which is punishable as a crime.

If this construction of the declaration is correct, then the words as proved by the witnesses with the reference which appears always to have accompanied them to a petition to the legislature, supported the declaration. That a petition to the legislature may be of such a character that the forging of a name to it would be a misdemeanor, and punishable as such, there can be no doubt ; and so far as the nature of this petition was disclosed by the defendant to the witnesses, in explanation of this charge, it might have been one of that description. If it was not, I apprehend it was incumbent upon the defendant to show it. It was sufficient for the plaintiff, in the first instance, that the explanation did not show that the words did not and could not impute a crime to the plaintiff. If they would, then it was for the jury to say whether they were so intended.

Nonsuit set aside and new trial granted.