WILLIAM BILLINGS *vs.* ALGERNON S. WING.

WASHINGTON,
March,
1835.

The following words—" He snaked his mother out of doors by the hair of her head :—it was the day before she died"—are not actionable in themselves.

This was an action of slander. The declaration was in three counts. The first count was on these words : " It is a pity Montpelier should be represented by a man who snaked his mother out of doors by the hair of her head. It is a fact, and was seen by two men."

The second count was on the same words, with this addition : " It was the day before she died." Third count, the same.

General demurrer.

In the county court judgment was rendered that the declaration was insufficient; from which the plaintiff appealed.

*Upham for defendant.*—This is an action of slander, and comes before this court on general demurrer to the declaration.

The declaration contains three counts, all charging in substance, that the defendant said and published of the plaintiff, that he had committed an assault and battery upon his mother. No special damage is alleged as resulting from the publication of the words. And the question is, are the words charged of themselves actionable ?

We take the rule to be, that where the charge, if true, will subject the party charged to an indictment for a crime involving *moral turpitude*, or subject him to an *infamous punishment*, then the words are in themselves actionable.

*Ogden* vs. *Turner*, 6 Mod. Cas. 104. S. C. 2 Salk. 696. Starkie on Slander, 16–19. *Onslow* vs. *Horne*, 3 Wils. 177. *Brooker* vs. *Coffin*, 5 John. Rep. 188. *Widric* vs. *Oyer et al.* 13 John. Rep. 27. *Van Ness* vs. *Hamilton*, 19 John. Rep. 367. *Horcout* vs. *Harrison*, 1 Hall's N. Y. Rep. 474. *Shaller* vs. *Rintzer*, 1 Binney, 542. *Ross* vs. *McClung*, 5 Binney, 218. *Andrews et ux* vs. *Koppenheaffer*, 3 Serg. and Rawle, 255. *Chapman* vs. *Gillett*, 2 Conn. Rep. 61, Gould, J. *Elliot* vs. *Ailsbury*, 2 Bibb's Rep. 473. Hammond's N. P. 298–9–300. 1 Comyn's Dig. 371–2. *Demarest* vs. *Haring*, 6 Cowen's Rep. 76. *Holt* vs. *Scholefield*, 6 T. R. 691–4.

In *Ogden* vs. *Turner*, the court said, " that words to be actionable in themselves must either *endanger the party's life, or subject him to an infamous punishment*, and that it is not sufficient that the party may be fined and imprisoned; for that, if any one be

WASHINGTON,
March,
1835.
——
Billings
vs.
Wing.

found guilty of any common trespass, he shall be fined and imprisoned ; and yet, no one will assert, that, to say one has committed a trespass, will bear an action." And in the same case it was held, that where the penalty for an offence by a statute was of a pecuniary nature, an imputation of such an offence would not be actionable, even though in default of payment the statute should direct the offender to be set in the pillory, since the sitting in the pillory was only for the want of money, and not the direct penalty given by the statute.

In *Andrews* vs. *Koppenheaffer*, (3 Serg. and Rawle, 255,) the supreme court of Pennsylvania recognized the rule as laid down in *Brooker* vs. *Coffin*, "that the charge, if true, must subject the party to an indictment for a crime involving *moral turpitude*, or that would draw after it an infamous punishment." The judges concurred in opinion, that it must be either a *felony* or misdemeanor affecting *reputation*. And therefore, to charge a man with having committed an *assault and battery*, a *nuisance*, or the offence of *forcible entry and detainer*, though the party would be subject to an indictment and imprisonment, would not be actionable. Indeed, the whole current of authorities, English and American, show that the words charged in this declaration are not of themselves actionable. If they had been published in a newspaper, perhaps they would have been libellous. However, it is not necessary here to decide that question. Actions of this character are entitled to no great favor. Indeed they had no place in the list of civil injuries, until the reign of Edward III., and from that time to the reign of Henry VIII. not one attempt was made to sustain an action of slander.

*Merrill and Spalding for plaintiff.*—The only question is, whether these charges, or either of them, amounts to verbal slander?

The crime charged, considered in technical point of view, is *assault and battery*, but of the highest degree and of the most aggravated nature.

We shall not attempt to refer to the long list of English cases upon slander, for we should meet with contradiction in almost every case.

In 1 Jacob's Law Dictionary, 37, it is justly remarked, that " there is no branch of the law in which decided cases are so contradictory to each other," &c. and that "what words are actionable or not will be more satisfactorily explained by an accurate application of the general principles on which such actions depend

Washington,
March,
1835.
Billings
vs.
Wing.

than by a reference to adjudged cases, especially those in old authors.''

In the early cases the criterion seems to have been, whether the words spoken tended to the disgrace or injury of the plaintiff.

In *Small* vs. *Hammond*, 1 Bulst. 40, (Starkie, 15) Williams, J. said, '' *Where the words spoken tend to the infamy, discredit, or disgrace of the party, there the words shall be actionable.*''

In *Baker* vs. *Pierce*, 6 Mod. 24, C. J. Holt says, ''*whenever any words tended to take away a man's reputation*, he would encourage actions for them.''

In *Button* vs. *Hayward*, Fortescue, J. observed, '' It was the rule of Holt, C. J. to make words actionable, *whenever they sound to the disreputation of the person of whom they were spoken*—and this was also Hale's and Twisden's rule, and I think it a very *good rule.*''

In Finch's Law, 185, it is said, '' If a man maliciously utters any *false slander* to the endangering one's law, as to say, ' He hath reported that money is fallen,' for he shall be punished for such report.''

In the cases *Onslow* vs. *Horne*, 3 Wils. 177, and *Holt* vs. *Sholfield*, 6 T. R. 691, the language is somewhat different, and in the first case it is said, '' that the words must contain an express imputation of some capital offence or other infamous crime or misdemeanor.''

Starkie on Slander, 40, 41, thinks the words '' scandalous'' and '' infamous'' are too vague and loose to form any criterion, and says—'' From these authorities, perhaps, it may be inferred generally that to impute any crime or misdemeanor for which corporal punishment may be inflicted, *is* actionable.''

But this definition seems very indefinite—it would extend the action to words charging trespass—for as Lord Holt observes in *Ogden* vs. *Turner*, Salk. 696, '' *a man may be fined and imprisoned in trespass.*''

Comyns considers the test to be whether the crime is indictable. 1 Com. Case for Defamation, D. 9, 377.—'' It seems that to charge a brewer with selling unwholsome beer is actionable, since selling such beer is an *indictable offence.*''

In *Mayen* vs. *Digle*, it is laid down that an action '' lies for any words which import the charge of a crime for which a person may be indicted.''—Stark. on Sland. 37–8.

We turn with pleasure from the inconsistences and contradictions of the English authorities to the American cases.

WASHINGTON,
March,
1835.

Billings
vs.
Wing.

In 2 Dall. Rep. 60, Shippen, J. says, " Generally speaking, indeed, actions of slander, founded on trifling causes, to gratify a petulant and quarrelsome disposition, will not be encouraged by the court; but when the reputation, trade or profession of a citizen is really affected, for the sake of doing justice to the dearest interests of individuals, as well as for the sake of preserving public order and tranquility, every appeal to the tribunals of our country ought to be encouraged."

" Words which charge, or import the charge of a crime, punishable by law, whatever may be the *nature* or degree of the crime are actionable in themselves."—1 Swift, 481.

Kent, 2 vol. p. 16, says, " The injury consists in falsely and maliciously charging another with the commission of some public offence."

In Connecticut, words imputing to a woman, whether *married or single*, a violation of chastity, are in themselves actionable ; the breach of chastity, in every form, from adultery to mere lascivious carriage, being punishable by statute.—*Frisbee* vs. *Fowler*, 2 Con. Rep. 707.

In New Jersey, to charge a woman with having committed *fornication* is actionable.—*Smith* vs. *Miner*, 1 Cox Rep. 16.

In South Carolina it has been decided, that to call a man a *mulatto* is actionable, because, if true, the party would be deprived of all civil rights, and would be liable to be tried without the privilege of a trial by jury.—*Eden* vs. *Legare*, 1 Bays. Rep. 171.

In *Woodbury* vs. *Thompson*, 3 N. H. Rep. 194, the case was slander for calling defendant a *" damned whore"*—the punishment by statute for fornication, a fine of *sixty shillings*, &c.   The court say, " if the statute embraces women, it does not seem to admit of a doubt that the words laid in this action are of themselves actionable."

Here was punishment by *fine* only, except in case of *inability* to pay, in which case corporal punishment was to be inflicted, which does not bring it within the rule according to Starkie on Slander, 41, and yet the court have no doubt the action would lie.

" In case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be, in themselves, actionable."—*Brooker* vs. *Coffin*, 5 John. Rep. 188.

The principle here laid down was undoubtedly settled by the court after great deliberation.

That very able court, without doubt, saw the impropriety of

WASHINGTON,
March,
1835.

Billings
vs.
Wing.

making the *punishment solely* a test on the one hand, and on the other seem to have considered that it would be extending the action too far to make it a *sole* criterion whether the crime charged is indictable; they therefore added another ingredient to the definition, which leaves every case, in some degree, to depend on its own circumstances.

Make the punishment prescribed for the crime charged the test, and the principle in relation to the action of slander would change as often as the punishment should be altered, and yet the moral turpitude remain the same.

In England, perhaps, the rule may answer, for the smallest crimes are punished by corporal infliction. It is not so here:—but the constant tendency with us is to milder punishments.

Suppose this test to be established in this state—what would be the consequence? The charge of two crimes, at least, enumerated in the act in relation to high crimes and misdemeanors would not be actionable, viz. married persons being found in bed together, (see statute 257) and the crime of cohabiting after being divorced, both of which crimes are punishable by *fine only*. While to charge a person with being a *vagrant, idle and disorderly person* would be actionable—as the justice may commit to house of correction for three months.—Stat. 373, sec. 12.

The term *assault and battery* includes every degree of crime coming under the denomination, from a simple unpremeditated assault to an assault by shooting with an intent to *maim merely*, or to the crime charged in the writ.

The statute 270, section 20, declares, " that if any person shall disturb the peace by *assaulting, beating*, &c. he shall be fined at the discretion of the court," &c. And if such offence be aggravated by any high-handed violence, it shall be the duty of the justice of peace to bind over the offender to the next county court of the same county in which the offence shall be committed."

Now, admit for the sake of argument, that the lowest degree of assault and battery does not involve *moral turpitude*, yet no one can deny that the higher degrees do.

And this brings the present case within the principle established in the case *Brooker* vs. *Coffin*, 5 John. Rep. 188, for it cannot be denied that the crime charged in this case is indictable, and it seems as little doubt exists that it involves *moral turpitude*.

WASHINGTON,
March,
1835.
Billings
vs.
Wing.

The opinion of the court was delivered by

COLLAMER, J.—The words in this declaration are not attended with any colloquium or innuendo, to give them any criminal character further than the words necessarily imply, and no special damage is alleged.

It is not to be disguised that there is much contradictory decision on the point of what words are in themselves actionable. In many modern cases this circumstance has been much commented upon by the courts. Nor does it appear wholly redeemed from uncertainty by the most recent cases, though courts seem to have labored at certainty in their decisions. The court have examined the authorities as extensively as our time and appliances here would permit, and without taking time now to collate them, the result is as follows.

By the cases in England as collected by Mr. Starkie in his work on slander, and especially by the governing cases of *Onslow* vs. *Horne*, 3 Wills. 186, and *Holt* vs. *Scholefield*, 6 T. R. 691, sustaining the case of *Ogden* vs. *Turner*, 6 Mod., words, to be actionable, must charge *a crime* which is indictable and which subjects the offender to *infamous punishment*, at least *corporal* punishment. Much is said in the books as to the crime or its punishment being *infamous*, *scandalous*, or involving *moral turpitude*. The latter expression is adopted by Spencer, C. J. in the case *Brooker* vs. *Coffin*, 5 John. Rep. 188, yet these expressions are undefined and have no certain, technical signification ; and although in the case last mentioned the offence subjected to punishment, that is to imprisonment, and imputed female prostitution, yet even that was not considered *moral turpitude*. It is most consistent with certainty, and probably best sustained by authority, to say with Mr. Starkie, " to impute any crime or misdemeanor for which corporal punishment may be inflicted in a temporal court, is actionable."—Starkie on Slander, 41. Imprisonment is *corporal punishment*, but it must be as a punishment for the offence, and not follow on a default or inability to pay.—6 Mod. 104.

The words in this case charge simply an assault and battery. Its being on a feeble woman, or a mother, gives it no different *legal* character, as it would, had it been charged as committed with intent to kill. By our statute assault and battery simply is punishable only by fine, though by the statute of 1826 the court are empowered to imprison where there is an inability to pay the fine. This, as already shown, leaves the legal character of the offence only matter of fine, and therefore not an offence for which corporal

punishment can be inflicted, and therefore not actionable. To sustain this action we must hold every set of words which charges an assault or breach of the peace actionable, which would be without precedent or authority, and of dangerous tendency ; or we must leave each set of words to be held actionable or not, not by the offence charged, but to depend on the nature and circumstances of aggravation, which is too *uncertain* to be adopted as a rule and is equally unsustained by authority. We consider this declaration as not sustained by any case either in England or this country.

Judgment affirmed.