Beonson, J.
There has been much discussion in the books upon the question, what words are actionable in themselves, when not spoken of the plaintiff in his office, profession, or calling. But it will be unnecessary to examine the cases at large for the reason that, a rule has been laid down and acted upon in this state, which, although not entirely satisfactory to my mind, I feel bound to follow. In Brooker v. Coffin, (5 John. R. 188,) the court, “ upon the fullest consideration,” laid down the following rule : “In case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be in themselves actionable.” In Widrig v. Oyer, (13 John. R. 124,) the counsel proposed to modify the rule by changing “ or,” into and ; but the court did not yield to the *23 suggestion. The rule was repeated and followed in Martin v. Stillwell) (13 John. Rep. 275,) where words were held actionable which charged the plaintiff with keeping a bawdy house. Such a house is a common nuisance, and the person keeping it may be punished by indictment. In Gibbs y. Dewey, (5 Cowen, 503,) the charge was, that the plaintiff had handed papers to a juror to influence or bribe the jury, and the words were held actionable. In Alexander v. Alexander, (9 Wend. 141,) the charge was, that the plaintiff had forged the defendant’s name to a petition to the legislature; and although the imputed of-fence was only a misdemeanor, and not a felonious forgery, the words were held actionable. In all of these cases the court went upon the ground that the words imputed “ a crime involving moral turpitude,” and for which the offender might be proceeded against by indictment, (a)
Removing a land-mark, seems not to have been an offence at the common law,(b) nor was it made so by statute until 1830, when it was enacted, that “ every person who shall wilfully or maliciously remove any monuments of stone, wood or other durable material, erected for the purpose of designating the corner or any other point in the boundary of any lot or tract of land, shall, upon conviction, be adjudged guilty of a misdemeanor.” The punishment is fine and imprisonment in the county jail. (2 R. S. 695, § 32, 40.) And, as in most other cases of crime, the prosecution is by indictment. The charge which has been made against the plaintiff, if true, will subject him to punishment by indictment, and the next enquiry is, whether the imputed crime is one “ involving moral turpitude.”
Removing land-marks was forbidden among the Jews, and a curse was denounced upon the offender. (Deut. xix, 14, and *24 xxvii, 17; Job xxiv, 2 ; Prov. xxii, 28, and xxiii, 10.) The learned and venerable Doctor Scott, in his commentary upon the first mentioned passage, says : £< As land-marks constituted the customary method of distinguishing landed property in those days, removing them would be a crime among the Israelites similar to forging, altering, destroying or cancelling the title deeds of estates at this day; and would occasion atrocious injustice, and make way for dispute and lawsuits.” And in his remarks upon' Prov. xxii, 28, he calls the offenders ££ robbers.” Mr. Henry, in his commentary upon Deut> xix, 14, says: ££ Though the land-marks were set by the hands of man, yet he was a thief and a robber by the law of God, that removed them.” And in his comments upon Job xxiv, 2, he says the offence is equivalent to that of££ forging or destroying-deeds.” Doctor Adam Clarke, in his commentary upon these passages, has taken nearly the same view of the question, though he has not been quite so severe upon the offenders. But this is a subject upon which it cannot be necessary to multiply authorities. There is evidently no great difference, in a moral point of view, between altering the courses and distances in a deed, for the purpose of depriving the owner of a part of his land, and producing the same result by changing the visible bounds of his estate. The one is a forgery on paper, and the other, upon the face of the earth. And when either of these wrongs is done for the purpose of acquiring the property of another, the offender may justly be regarded as a thief, as well as a forger. All men must agree, that the crime of removing land-marks is one involving a high degree of moral turpitude$ and as it is an indictable offence, the case falls plainly within a rule from which we are not at liberty to depart.
The demurrer does not point out any defect in the form of the declaration, and 1 am inclined to think it sufficient. The defendant must have intended to charge the plaintiff with a criminal offence. (8 John. R. 74, 77 ; 13 id. 48 ; 3 Cowen, 231 ; 5 id. 714, S. C.; Gibbs r. Dewey, 5 id. 503.) The plaintiff is entitled to judgment.

 For a reference to Most of the leading English and AMerican eases upon the question what words are and are not actionable per se, vide M'Cuen ads. Ludlum, (1 Harris. Rep. (N. J.) 12 ;) and Billings v. Wing, (7 Verm. Rep. 439.)

 See The State v. Burroughs, (2 Halst. Rep. 426.)