LUCIUS L. JOHNSON *vs.* RICHARD SHIELDS.

1. The words, "I know enough he has done to send him to the penitentiary," are actionable *per se*, and an action may be maintained without proof of special damage.

2. For the words, "he has sold the property of the company, and pocketed the money," spoken of a man in his official capacity, an action may be sustained without proof of special damage.

---

This was an action of trespass on the case for slande brought in this court by Lucius L. Johnson against Richard. Shields.

The declaration contains four counts. The first alleges that the plaintiff was one of the directors of the Mount Vernon Hotel Company, and was employed as superintendent of said company; and whilst employed as such superintendent, and being such resident director, large amounts of money and building materials, &c., belonging to said company, were received and used for the erection of a large hotel under his superintendence and control, as such resident director and superintendent, and had honestly and faithfully conducted himself, &c.; yet the defendant, contriving and intending to injure him, &c., and to cause it to be believed, &c., that he had fraudulently used and appropriated the said property, &c., in a certain

discourse of and concerning him and his conduct, in his office, &c., said " he (meaning the plaintiff) has sold the property of the company, and pocketed the money ;" inuendo, that plaintiff had been guilty of fraudulently disposing of the property of the company, and applying the proceeds thereof to his own use.

*2d count.* Same as above, and that defendant, intending to injure the plaintiff in his office of director and super. intendent, as aforesaid, and causing it to be suspected, &c., that he had been guilty of criminal mismanagement of the affairs of said company, &c., said "I (meaning the defendant) know enough that he (meaning the plaintiff) has done to send him to the penitentiary."

*3d count.* Same as above in substance, words spoken, " I (meaning the defendant) know enough that he (meaning the plaintiff) and Abraham Rex have done to send them to the penitentiary, and the sheriff showed me papers enough to prove it ;" meaning that said plaintiff and said Abraham Rex had been guilty of crimes enough in their conduct concerning the affairs of said company to subject them to punishment by imprisonment in the penitentiary.

*4th count.* Same words charged as spoken in the second count, omitting the allegations respecting his office and employment, &c.

To this declaration there is a general demurrer.

The case was argued before the CHIEF JUSTICE and Justices OGDEN and POTTS, by *Browning*, for demurrer, and *Keasby*, against it.

*Browning* for demurrer, cited *Starkie on Slander* 43 (*last ed.*); 5 *Johns. R.* 188, *Brooker* v. *Coffin* ; 13 *Johns. R.* 124, *Widrig* v. *Oyer* ; *Ib.* 274, *Martin* v. *Stilwell* ; 19 *Johns. R.* 367, *Vanness* v. *Hamilton* ; 3 *Hill* 21, *Young* v. *Miller* ; 3 *Serg. & R.* 255, *Andres* v. *Koppenhœffer* ; 2 *Harr.* 12, *Ludlam* v. *McOuen* ; 2 *Harr.* 15 ; 5 *Johns. R.* 192 ; *Stark. on*

*Sl.* 86–7; 1 *Vin. Ab.* 450 (*Action for Words*) 5; 2 *U. S. Dig., Libel and Slander*; 1 *Stark.* 117; 12 *Pick.* 101, *Allen* v. *Hillman*; 1 *Stark.* 126, 127; 1 *Saund,* 157–8.

*Keasby,* contra, cited 1 *Stark.* 61–2–3 and 21; 1 *Am. Lead. Cases* 150; 1 *Stark,* 60, 87; 1 *Am. Lead. Cases* 118; 1 *Stark.* 85; 7 *Barbour,*260,*Rundell* v. *Butler*; 3 *Richardson* (*Virginia*) 399; 6 *Car. &P.*308, *Read* v.*Ambridge*; 2 *Rich.* 573, *Morgan* v. *Livingston*; *Cro. Eliz.* 62, *Downie's case*; 5 *Monroe* 396, *Wylie* v. *Campbell*; 2 *Kentucky Dig.* 76; 5 *Barr* 372, *Smith* v. *Stewart*; 10 *Bing.* 477. *Curtis* v. *Curtis*; 3 *Mees. & Wels.* 191, *Francis* v. *Page*; 1 *Am. Lead. Cases* 120; *Stark.* 119, 124, 127, 130, *and* 131; 1 *Wash. R.* 150, *Hoyle* v. *Young*; 6 *Bing. N. C.* 212, *Ingram* v. *Lawson.*

POTTS, J. The first three counts, with variations not very material, charge the defendant with having said of the plaintiff, in reference to the office or business in which he was employed by the Mount Vernon Hotel Company—1. "He has sold the property of the company, and pocketed the money." 2. "I know enough that he has done to send him to the penitentiary." 3. "I know enough that he and Abraham Rex have done to send them to the penitentiary, and the sheriff showed me papers enough to prove it."

The fourth count charges the defendant with having said of the plaintiff, in his private capacity, "I know enough that he has done to send him to the penitentiary."

The question is, whether, admitting the facts charged in the declaration to be true, the plaintiff shows a legal cause of action.

There is no allegation of special damage. To maintain the action, the words must be either actionable *per se,* or, as to the three first counts, actionable by reason of their being spoken of the plaintiff in his office or business as superintendent or director, or both, of the company.

The general rule is, that where a person is charged with

the commission of a crime, or where the imputation affects him in his office, profession, or business, the action may be maintained without proof of special damage. 1 *Starkie on Slander* 10:

Then 1. As to the words, " I know enough he has done to send him to the penitentiary," are they actionable *per se?* In *Brooker* v. *Coffin*, 5 *Johns.* 188, the court held that " in case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, the words will be themselves actionable." This rule was recognised subsequently in *Widrig* v. *Oyer*, 13 *Johns.* 124; *Martin* v. *Stilwell*, 13 *Johns.* 275; *Vanness* v. *Hamilton*, 19 *Johns*, 367; *Young* v. *Miller*, 3 *Hill* 22; *Andres* v. *Koppenhœffer*, 3 *Serg. & Rawle* 225; and *Ludlam* v. *McCuen*, 1 *Harr.* 12. In *Walmsley* v. *Russell*, 6 *Modern* 200, words were said to be actionable *per se* which charge some scandalous crime; in *Mayne* v. *Digle*, 1 *Freeman* 46, that they must be such as impute to the party an offence for which he may be indicted; in *Turner* v. *Ogden*, 2 *Salk.* 696, that they must endanger life or subject to infamous punishment; and in *Onslow* v. *Horne*, 3 *Wilson* 177, that they must contain an express imputation of some crime liable to punishment; some capital offence or other infamous crime or misdemeanor.

Now, upon the authority of these cases, I think the words are actionable *per se;* for, as was said by Denman, C. J.. in *Read* v. *Ambridge*, 6 *Car. & Payne* 308, the question is, what the defendant meant to make other people believe; and see 1 *Starkie on Slander* 46–7. The words, "I know enough he has done to send him to the penitentiary," undoubtedly were meant to convey the impression that the plaintiff was guilty of a crime or crimes for which he might be indicted, convicted, and sent to the state prison. A crime or crimes involving moral turpitude, and punishment by imprisonment in the state prison, is con

sidered infamous. *Fowler* v. *Dowdney*, 2 *Moody & Robe-son* 119; *Smith* v. *Stewart*, 5 *Barr* 372.

In *Curtis* v. *Curtis*, 10 *Bingham* 477, it was held that the words, "you have committed an act for which I can transport you;" were actionable *per se ;* for, said Tindall, C. J., I cannot see how any one who had heard that the defendant was able to transport the plaintiff could form any other supposition than that the plaintiff had been guilty of a crime. In *Downie's case, Cro. Eliz.* 62, the words were, "if you had your deserts, you had been hanged before now," and held actionable. So the words, "you have done things with the company for which you ought to be hanged, and I will have you hanged before the first of August." *Francis* v. *Roose*, 3 *Mee. & Welsby* 191. This disposes of the demurrer, as to the second, third, and fourth counts, for the words charged are substantially the same in each, and being actionable *per se* are also actionable when spoken in relation to the plaintiff's employment.

2. The words, "he has sold the property of the company, and pocketed the money,"alleged to have been spoken of the plaintiff in his capacity of director and superintendent of the company, with the innuendo that he had been guilty of fraudulently disposing of the property of said company, and applying the proceeds thereof to his own use, form the subject matter of the first count.

It is quite well settled that words spoken of a person in his office, business, or employment, imputing a want of integrity, of credit, of common honesty, are actionable. 1 *Starkie on Slander* 127; *McCuen* v. *Ludlam*, 2 *Harr.* 12; and any lawful employment, or situation of trust, lucrative or confidential, is within the rule. The words spoken imply that the plaintiff had been guilty of a breach of trust, had acted dishonestly, had fraudulently sold and applied the proceeds of the company's property to his own use. Such, I think, is the clear purport of the words; so, I think, they were intended to be understood;

such would be the impression they would naturally make on the minds of those to whom they were spoken. I do not think we are bound to tax our ingenuity to find the mildest possible construction that can be put upon the words, even before verdict.

I am of opinion the demurrer should be overruled.

GREEN, C. J., and OGDEN, J., concurred.