NEWYORK,
May, 1816.

MARTIN
v.
STILLWELL.

MARTIN *against* STILLWELL.

THIS was an action of slander. The declaration contained six counts. In the first four counts the plaintiff alleged a special damage, in the proof of which she failed on the trial. In the fifth count, the words charged to have been spoken by the defendant were, " Mrs. *Martin* (the plaintiff) kept a bawdy house in *George's-street*," meaning a certain street in the city of *New-York:* and in the sixth count, the words charged were, " she kept a bawdy house in *George's-street.*" At the trial, before Mr. Justice *Platt*, at the *Essex* circuit, in *June*, 1815, a verdict was found for the plaintiff on the two last counts : and it was now moved to arrest the judgment, on the ground that the words were not actionable.

*Charging the plaintiff with keeping a bawdy house is actionable in itself, this being an indictable offence, involving moral turpitude.*

*Skinner*, in support of the motion.

*Z. R. Shepherd*, contra.

*Per Curiam.* In *Brooker* v. *Coffin*, (5 *Johns. Rep.* 191.,) on demurrer to the first count in the declaration, &c., the words were, " she is a common prostitute, and I can prove it;" and this court decided that those words were not actionable. The law, as to what words are actionable, is settled in that case, and the following rule was laid down as the safest, and one which the cases warranted, viz : " In case the charge, if true, would subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words would be, in themselves, actionable."

If this rule is to govern the decision in this cause, then the present motion must be denied, because, there is no doubt that keeping a *bawdy house* is a common nuisance, and that the person keeping it is liable to an indictment. The words here, as laid in the 5th and 6th counts of the declaration, are, " Mrs. *Martin* kept a bawdy house in *George's-street*." " She kept a bawdy house in *George's-street*," which words (if true) would have subjected her to an indictment; and, although the punishment for this offence could not have been infamous, yet, accord-

NEWYORK, ing to the above rule, it would have been for a crime evidently
May, 1816. involving moral turpitude; these words are, consequently, in
Cook themselves actionable, and the motion in arrest must be denied.
v.
Howard.

Motion denied,(a)

(a) Vide *Widrig* v. *Oyer*, *ante*, 124.