## PARADINE LINDSAY, APPELLANT, *v.* ANNEAS WYATT, RESPONDENT.

CLAIM AND DELIVERY—PLEADING—NEW MATTER.—When, in an action in claim and delivery for the recovery of personal property, the complaint alleges ownership and a right to the possession, the answer denying these allegations, it is not error in the court to allow the defendant to prove his right to the possession by virtue of a lien to defeat a recovery by plaintiff. The establishment of such right by defendant is not new matter required to be affirmatively pleaded.

APPEAL from the second judicial district, Ada county.

*Huston & Gray,* for the appellant.

*F. E. Ensign,* for the respondent.

PRICKETT, J., delivered the opinion. HOLLISTER, C. J., and CLARK, J., concurring.

Action of claim and delivery for the recovery of a mare. The complaint alleges that at the commencement of the action, the plaintiff was the owner and entitled to the possession of the property therein described, and that defendant, after demand by plaintiff for its possession, unlawfully detained the same. The answer denies that plaintiff was the owner, or was entitled to the possession of the property; or that the defendant ever unlawfully withheld or detained it from the plaintiff. The cause was tried, and a judgment rendered for the defendant.

The case is brought to this court upon a bill of exceptions, from which it appears that upon the trial, the defendant while being examined as a witness in his own behalf,

was asked the following question: "Have you had the care and keeping of the mare in question since the same was foaled; if so, how long have you had the mare in keeping, and what is it worth? To this question plaintiff objected, as being irrelevant and inadmissible under the pleadings, because there was no special property or claim for keeping, alleged in the answer. The defendant's counsel stated that the object of the inquiry was to establish a right of possession and a special property to the mare in question to be in the defendant under a lien for keeping the same. The court overruled the objection and plaintiff excepted. The answer to the question does not appear in the record.

It is urged by the plaintiff and appellant, that in order to entitle the defendant to prove a claim to the property or its possession under or by virtue of a lien, he should have set up such claim, and alleged such lien, affirmatively, in his answer. That it is new matter which must be pleaded, in order to admit evidence of it. The true test whether matter is new, within the meaning of the code requiring a statement thereof to be contained in the answer, can best be determined by the effect and operation that it has upon the issues presented by the complaint. If it only controverts the original cause of action, tendering no new issue, it is merely a traverse, as nothing new is involved in it; and it can not be called new matter, even though the traverse be expressed in affirmative words. If, on the other hand, it raises a new issue, or involves the introduction of a new ingredient as the basis of one, by way of confession and avoidance, then it is new matter, and must be pleaded affirmatively.

Looking to the pleadings in this case, we find that the plaintiff, by her complaint, alleges ownership of the property and a right to its immediate possession. These allegations authorized the plaintiff to prove her ownership and her right to possession, by showing how she became owner and entitled to possession; and if it was through purchase from a former owner, who had in any manner pledged the property to the defendant, it was certainly competent under her pleading for plaintiff to show that she had become

entitled to its possession by payment, or by tendering to the pledge, the sum of money secured by the pledge of the animal in question.

The defendant's answer denies the ownership and right of possession in the plaintiff, and the unlawful detention of defendant. These denials put in issue the allegations of the complaint. If instead of denying, in this manner, the defendant had affirmatively stated that he, or a third person, was the owner, or entitled to the possession of the property, and had stated the facts constituting the basis of such rights, he would not thereby have tendered a new issue, but would, by affirmative language, have merely negatived the plaintiff's allegations. If, as we have asserted, it was proper for the plaintiff, under her general allegation of ownership and right to the possession, to show that she had tendered defendant the amount of his lien, it was equally proper for the defendant, under his denials, to offer evidence to show that he had a valid subsisting lien upon the property.

The conclusion arrived at is, that the plaintiff's alleged ownership and right to the possession of the property was put in issue by the denials of the answer, and that the district court committed no error in allowing the defendant to prove a lien, as the basis of a right in himself to the possession of the mare, and thus to disprove the plaintiff's alleged title to the immediate possession.

The judgment of the district court is affirmed.