(January 17, 1895.)

## DOUGLAS v. DOUGLAS.

### [38 Pac. 934.]

ADULTERY—PROSTITUTION—FORNICATION—ONLY THE LATTER ACTION-
ABLE.—The charge that a woman is a "public prostitute" is not
actionable per se under the statutes of Idaho, neither adultery,
fornication, nor prostitution being punishable as such by the
statutes of Idaho.

EVIDENCE—WITNESS MAY BE ALLOWED TO EXPLAIN LETTER.—Where,
for the purpose of discrediting a witness, a letter written by such
witness is introduced, to refuse such witness an opportunity to
explain such discrepancy is error.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

T. L. Glenn and E. E. Chalmers, for Appellant (Williams
Van Cott & Sutherland, of Counsel).

The words "public prostitute" do not "necessarily and by
reasonable intendment charge the plaintiff with" being a va-
grant, and therefore they are not actionable *per se,* but special
damages must be alleged and proved to warrant a recovery.
At common law these words would not have been actionable
*per se,* and they can now only be so held on the theory that
they charge an indictable crime involving moral turpitude or
would subject the accused to an infamous punishment. (*Pollard
v. Lyon,* 91 U. S. 225; *Davis v. Sladden,* 17 Or. 259, 21 Pac.
140; *Brooker v. Coffin,* 5 Johns, 190, 4 Am. Dec. 337; *McKee
v. Wilson,* 87 N. C. 300; Cooley on Torts, 196-198, notes; 13
Am. & Eng. Ency. of Law, 349, note 3, 350; *Melvin v. Waiant,*
36 Ohio St. 184, 38 Am. Rep. 572; *Berry v. Carter,* 4 Stew. &
P. 387, 24 Am. Dec. 762; 1 Am. Lead. Cas. 102-104.)   In a
leading case on this subject the words, "She is a common prosti-
tute" were held not actionable *per se,* though common prosti-
tutes were adjudged disorderly persons and liable to imprison-

ment for sixty days. This case is on all-fours with the one at bar and has been repeatedly approved by the highest courts. (*Brooker v. Coffin,* 5 Johns. 188, 4 Am. Dec. 337; *McKee v. Wilson,* 87 N. C. 300. See *Pollard v. Lyon,* 91 U. S. 225.) A letter from J. R. Brennan was introduced in evidence to impeach or qualify his testimony, the witness stating that the letter expressed the truth when written. On redirect examination, defendant asked this witness: Q. Under what circumstances was this letter written? Q. For what purpose was it written? These questions in principle have been expressly ruled upon and held admissible. (*Hawley v. Corey,* 9 Utah, 175, 33 Pac. 697; 1 Greenleaf on Evidence, secs. 286, 287.)

James H. Hawley, W. T. Reeves, and Alfred Budge, for Respondent.

It is not necessary that the language used should charge the offense with technical accuracy, as would be required in an indictment. Words calculated to induce hearers to believe that the person of whom they are spoken is guilty of a crime in this respect are sufficient. (*Frolich v. McKiernan,* 84 Cal. 177, 24 Pac. 114; *Wilson v. McCrary,* 86 Ind. 170; *Zeleff v. Jennings,* 61 Tex. 458; Rev. Stats., sec. 4215.) Words calculated to induce the hearer to suspect that plaintiff was guilty of the crime charged are actionable *per se.* (*Drummond v. Leslie,* 5 Blackf. (Ind.) 543; *Dorland v. Patterson,* 23 Wend. 422.) As the words alleged impute that plaintiff has been guilty of a crime punishable with imprisonment, they are actionable without alleging or proving special damages. (*Pollard v. Lyon,* 91 U. S. 225; Townshend on Slanders, sec. 154; *Blumhardt v. Rohr,* 70 Md. 328, 17 Atl. 266.)

HUSTON, J.—The plaintiff brings this action against the defendant to recover damages for certain alleged slanderous words charged to have been uttered by the defendant of and

concerning the plaintiff. Defendant demurred generally to
the complaint, which demurrer was overruled, and exception
taken by defendant to such ruling. The words charged in the
complaint as having been uttered by the defendant are as fol-
lows: "That woman [meaning the plaintiff] is a woman of
shady character. Mrs. Douglas is a public prostitute. She
slept with my brother before she married him, and I can prove
it. I proclaim this before God and man." The complaint is
drawn and the action prosecuted upon the theory that the words
set forth as having been uttered by the defendant are action-
able *per se.* No claim for special damages is set up in the
complaint, nor were any special damages proved or attempted
to be on the trial. Verdict was rendered in favor of plaintiff.
Motion for new trial was made by defendant, and denied, and
this appeal is taken from both the judgment and the order over-
ruling motion for new trial.

The principal question presented by the record is, Are the
words set out in the complaint actionable *per se?* The solu-
tion of this question depends mainly, if not entirely, upon the
provisions of the statute of this state. Neither prostitution,
adultery, nor fornication, as such, are punishable as crimes or
offenses under the statutes of this state. The rule as laid down
by the supreme court of New York in *Brooker v. Coffin,* 5 Johns.
190, 4 Am. Dec. 337, has, we believe, been very generally ac-
cepted and approved, and is as follows: "In case the charge, if
true, will subject the party charged to an indictment for a
crime involving moral turpitude, or subject the party to an
infamous punishment, then the words will be in themselves ac-
tionable." (*Pollard v. Lyon,* 91 U. S. 225; *Van Ness v. Hamil-
ton,* 19 Johns. 367; *Widrig v. Oyer,* 13 Johns. 124; *Martin v.
Stillwell,* 13 Johns. 275, 7 Am. Dec. 374, and many other cases
decided by that court.) Referring to this rule, Judge Cooley,

in his work on Torts, at page 197, says: "This test has been accepted and applied so often and so generally that it may now be accepted as settled law." We understand that counsel for respondent does not contest this rule, but denies its applicability in this case, because section 7208 of the Revised Statutes of Idaho, in defining who are vagrants, declares, *inter alia,* that "every common prostitute . . . . is a vagrant, and is punishable by imprisonment in the county jail not exceeding ninety days"; and claims as a necessary or legitimate correlation that the charge of being a "public prostitute" includes the charge of vagrancy. It seems to us that the acceptance of this contention would involve the recognition of a rule of vicarious construction scarcely justifiable in any case. There is nothing in the words charged to have been uttered by the defendant which can possibly be distorted into an intention on his part to charge the plaintiff with vagrancy, or with being a vagrant; nor is it conceivable that they were either intended, or were accepted by the plaintiff or anyone else who heard them, in any such sense. Judge Cooley, in discussing this subject in his work on the Law of Torts, uses the following language: "Whatever the moral turpitude involved in the act, it is generally agreed that it is not actionable *per se* to charge it if it is indictable, even though it be punishable as disorderly conduct. Therefore, to charge a woman with being a common prostitute is held not actionable without averment of special damage, though it is difficult to conceive that any other charge can be more likely to injure, and the conduct itself is punishable as vagrancy." (Cooley on Torts, and the cases cited in note.) We might suggest, in this connection, that vagrancy is not, in the sense in which it is generally used and accepted, "a crime necessarily involving moral turpitude"; it is, perhaps, as often the result of misfortune, or of unfortuitous social conditions, as of any

criminal or vicious acts or tendencies on the part of the person charged therewith. We think a careful examination of the authorities will establish that, wherever a different rule has been recognized, the statutes of the state have either made acts of unchastity indictable and punishable as such, or have made words imputing to a female want of chastity actionable *per se.* No such statutes exist in Idaho, and we do not feel warranted in supplying them by construction. It is claimed by appellant that all the words charged in the complaint to have been uttered by the defendant should be taken together, as constituting one charge, and that, when so taken, they do not involve a criminal charge; and this, we think, is correct. The words charged in the complaint are: "That woman [meaning the plaintiff] is a woman of shady character. Mrs. Douglas is a public prostitute. She slept with my brother before she married him, and I can prove it. I proclaim this before God and man." It is palpable, it seems, that the defendant based the charge that the plaintiff was "a public prostitute" upon the fact that she slept with his brother before she was married to him, which latter fact he says he could prove. Says Judge Cooley, in the work already referred to: "And however positive may be the charge, if it is accompanied with words which qualify the meaning, and show to the bystanders that the act imputed is not criminal, this is no slander, since the charge, taken together, does not convey to the minds of those who hear it an imputation of criminal conduct. Thus it would not be slanderous *per se* to say, 'He is a thief; he has stolen my land'; land not being the subject of larceny, and one part of the charge being relieved of its criminal character by the other part." (Cooley on Torts, 199, and cases cited in note.) It can hardly be contended that the charge of one act of incontinence is equivalent to charging the person referred to with being a "pub-

lic prostitute," or a "common prostitute," as those terms are generally used and understood; certainly not in the sense the latter term is used in section 7208 of our Revised Statutes.

The second point urged by appellant is upon the admission of certain evidence on the part of the plaintiff. It seems from the record that another proceeding had been instituted before a magistrate of a kindred nature to that involved in this case, but to which the defendant herein was not a party, and in pursuit of inquiry in relation thereto the following question was propounded to a witness on the part of the plaintiff: "And of what were these parties accused in this libel suit you brought?" We are unable to discover, from a minute examination of the record, what possible relevancy this question had to the issues on trial in this case. Its admission was error. And the same may be said as to the third point raised by appellant as to the admission of certain statements referring to incidents of the same trial, in which the defendant was neither a party, nor interested.

The fourth point raised by appellant is as to the ruling of the court in rejecting certain evidence offered by defendant. It seems that in the course of the trial one Brennon had testified in regard to the reputation of plaintiff. For the purpose of refuting such testimony the plaintiff offered in evidence a certain letter written by said Brennon, which letter was admitted over the objection of defendant. The letter does not appear in the record, but after its admission the witness Brennon was asked by defendant, "Under what circumstances was this letter written?" To this question plaintiff objected, and the objection was sustained. We think this was error. The letter having been introduced for the purpose of discrediting the testimony of the witness, it was eminently proper that he should be allowed to explain any discrepancy between the

statements in the letter and his statements from the witness stand. (*Hawley v. Corey,* 9 Utah, 175, 33 Pac. 697; 1 Greenleaf on Evidence, secs. 286, 287.)

For the reasons set forth, we are of the opinion that the demurrer to the complaint should have been sustained. The judgment of the district court is reversed, and the cause remanded, with direction to the district court to enter an order sustaining the demurrer, with leave to the plaintiff to amend complaint. Costs to appellant.

Morgan, C. J., and Sullivan, J., concur.