(February 7, 1908.)

## THE IDAHO PLACER MINING CO., LTD., a Corporation, Respondent, v. CHARLES GREEN, Appellant.

### [93 Pac. 954.]

CLAIM AND DELIVERY—GENERAL DENIAL—PROOFS—SCOPE OF TESTIMONY.

1. In an action for claim and delivery, a specific denial puts in issue all the essential averments of the complaint, and puts the burden of proving them upon the plaintiff.

2. In an action for claim and delivery, under a specific denial of the allegations of the complaint, the defendant may offer evidence (1) to controvert plaintiff's evidence; (2) to disprove his allegations; (3) to prove other and inconsistent facts. Under the general denial the defendant may prove his right to possession or that he, as an officer, levied on the property at the suit of a creditor of him from whom the plaintiff obtained it in fraud of creditors, or he may show title in a stranger, and may also show his own right to possession by virtue of a lien.

3. In an action for claim and delivery, where the defendant files a specific denial, it is not error to sustain a demurrer to a further answer and defense which sets up facts which may be proven under such specific denial.

4. In an action for claim and delivery, where the defendant files a specific denial, it is error for the court to exclude any evidence which tends to defeat the plaintiff's right to possession by showing the right to possession to be in the defendant or in a third party.

5. In an action for claim and delivery, the real question at issue is the right of possession of the property in controversy, and this being so, it is competent for the defendant to offer any evidence which may tend to show that the plaintiff did not have the right of possession at the time the action was commenced, as the plaintiff's right to recover depends wholly upon his right to possession.

6. Where a written document is offered in evidence for the purpose of impeaching or contradicting a witness, it is error for the court to refuse such witness an opportunity to explain such written document or evidence.

(Syllabus by the court.)

APPEAL from the District Court of Seventh Judicial District for Washington County. Hon. Ed. L. Bryan, Judge.

Action in claim and delivery. Judgment for plaintiff. Defendant appeals. *Reversed.*

L. L. Feltham, for Appellant.

"A general denial puts in issue all the essential averments of the complaint, puts the burden of proving them upon the plaintiff, and admits evidence by the defendant, (1) to controvert the plaintiff's evidence, (2) to disprove his allegations, and (3) to prove other and inconsistent facts. Under such denial, the defendant may prove his right to possession, or that he, as an officer, levied on the property at the suit of a creditor of him from whom the plaintiff obtained it in fraud of creditors, or he may show title in a stranger." (Phillips on Code Pleading, 524.)

"Under a general denial in replevin the defendant may prove any fact which amounts to a defense to the plaintiff's cause of action." (*Lindsay v. Wyatt*, 1 Ida. 738; *Davis v. Culver*, 58 Neb. 265, 78 N. W. 504; *Iowa Sav. Bank v. Frink* (Neb.), 92 N. W. 916; *Gallick v. Bordeaux*, 22 Mont. 470, 56 Pac. 961; *Wester v. Long*, 63 Kan. 876, 66 Pac. 1032; *Advance Thrasher Co. v. Pierce*, 74 Mo. App. 676; *White v. Gemeny*, 47 Kan. 741, 27 Am. St. Rep. 320, 28 Pac. 1011; 8 Ency. of Pl. & Pr. 549.) "Or that defendant claims the property by virtue of a lien for labor performed upon the property." (*Lindsay v. Wyatt*, 1 Ida. 738; *Wester v. Long*, 63 Kan. 693, 66 Pac. 1033; Phillips on Mechanics' Liens, 2d ed., secs. 486-500.) Or ownership in a third person. (*Driscoll v. Dunwoody*, 7 Mont. 394, 16 Pac. 726; Pomeroy's Rem., 4th ed., sec. 554; *Caldwell v. Bruggerman*, 4 Minn. 270; *Woodworth v. Knowlton*, 22 Cal. 164; *Schulenberg v. Harriman*, 21 Wall. 44, 22 L. ed. 551; *Sparks v. Heritage*, 45 Ind. 66; *Timp v. Dockham*, 32 Wis. 146; *Rockwell v. Saunders*, 19 Barb. 473; *Chamberlain v. Winn*, 1 Wash. 501, 20 Pac. 781.)

Under the denials in the appellant's answer, he was entitled to give any evidence of special matter which amounts to a defense to the suit. (*Holliday v. McKinne*, 22 Fla. 153;

*Payne v. McCormick Har. Mch. Co.,* 11 Okl. 318, 66 Pac. 287;
*Shadduck v. Stotts,* 9 Kan. App. 776, 59 Pac. 39; *Westover
v. Vandoran,* 29 Neb. 652, 46 N. W. 47; *Carman v. Ross,*
64 Cal. 249, 29 Pac. 510; *Cunningham v. Skinner,* 65 Cal.
385, 4 Pac. 373; *Gallick v. Bordeaux,* 22 Mont. 470, 56 Pac.
961; *Street v. Morgan,* 64 Kan. 85, 67 Pac. 448.)

Ed. R. Coulter, for Respondent, cites no authorities on
points decided.

STEWART, J.—This is an action in claim and delivery.
The complaint is in the ordinary form and alleges owner-
ship and a right of possession in the plaintiff to certain
personal property.   The defendant (appellant in this court)
denied specifically the allegations of the complaint, and then
filed what is denominated a further answer and defense.   In
this further answer and defense, the defendant set up the
organization of the Idaho Placer Mining Company, and an
effort made to dissolve said company and reincorporate under
the title of The Idaho Placer Mining Company, Ltd.   That
during the existence of the old corporation, the defendant
herein became the owner of 397,000 shares of capital stock
of said company and is still the owner of 169,000 shares.
That the defendant sold 225,000 shares for $10,000 to one John
W. Waitz, and agreed with said John W. Waitz that said
sum of $10,000 should be used by the defendant for the pur-
pose of building a dredge for the said Idaho Placer Mining
Company, and that in accordance with said agreement, the
defendant planned and constructed a mining dredge, expend-
ing therein $10,000, and by reason of said sum not being
sufficient to finish said dredge, this defendant incurred per-
sonal obligations and expended his own funds in the sum of
$285.82, and performed personal services in the planning and
constructing of the same of the value of $5 per day, amount-
ing to $1,825, which with the $10,000 made the total cost
of the dredge $12,110.82.   That in order to raise funds for
the purpose of paying the outstanding indebtedness of the
Idaho Placer Mining Company, to this defendant and other

persons, a meeting of the stockholders of said company was held in which there was represented 482,000 shares of the capital stock of said company; at which meeting it was attempted to reorganize and reincorporate said company under the name of the Idaho Placer Mining Company, Ltd., for the purpose of adjusting all outstanding claims against the Idaho Placer Mining Company, and to take whatever other action was necessary pertaining to the affairs of the company. That at the time of the meeting of said stockholders, it was found that the Idaho Placer Mining Company had no funds with which to carry out the object of the organization. And at which time this defendant entered into an agreement with the stockholders, directors and officers of the corporation, to convey, as president of the company, the mining dredge (the property in controversy), to a new corporation, to be known as the Idaho Placer Mining Company, Limited, in consideration of the stockholders, directors and officers reorganizing said company and raising funds sufficient to pay the indebtedness against said mining dredge, including the services of this defendant in planning and constructing the same; and that in accordance with said understanding, the stockholders and directors of said company prepared and filed the articles of incorporation of the Idaho Placer Mining Company, Limited, and elected a board of directors; and that this defendant executed and delivered, as president of the said Idaho Placer Mining Company, a deed for all the real property of said company, and a bill of sale for the dredge plant to the Idaho Placer Mining Company, Limited, and performed on his part all his obligations agreed upon between him and the stockholders and officers of the two companies; and that at said time it was also agreed between the defendant and the stockholders and directors and officers of said companies, that the defendant should be issued in lieu of stock held by him in the Idaho Placer Mining Company, to wit, 169,000 shares, a like number of shares in the new company. That the new company and its officers have failed to keep or perform their part of said agreement; and have failed to comply with the conditions of said agreement; and have neglected to

pay to the defendant the amount paid out by him in the construction of said dredging plant in excess of the moneys received by the sale of his stocks in said company to John W. Waitz, or to pay the defendant for his services any sum whatever.

That at the time the agreement aforesaid was made, it was also agreed that this defendant should be employed as the general manager of the dredging plant at a fixed salary, which was a part of the consideration to the defendant for his executing and delivering to the plaintiff a bill of sale for the said dredging plant. That the plaintiff is indebted to him for his services in planning and constructing the dredge, and for moneys expended by him in the construction of the same in the sum of $2,110.82, which is due and unpaid. And that plaintiff never was entitled to an accounting for the money spent in the construction of said dredge plant, and never had any interest in or title to the said dredging plant, after the bill of sale was made. And that the defendant executed the bill of sale, and trusted to the honesty of the Idaho Placer Mining Company, Limited, its directors and officers; but that said bill of sale was without consideration, and that the consideration has never been paid by the plaintiff as agreed upon. That the moneys expended by the defendant in excess of the sums received by him from John W. Waitz, and the labor expended by him upon the planning and construction of said dredge were expended and laid out for the improvement and completion of said plant while the same was in his possession, and that he has a special lien upon said plant for said moneys and for his services in the sum of $2,110.82, no part of which has been paid.

To this further answer and defense the plaintiff interposed a general demurrer on the ground that the same did not state facts sufficient to constitute a defense to the complaint.

The court sustained the demurrer. The cause was tried to a jury and a verdict returned in favor of the plaintiff, and judgment rendered accordingly. A statement of the case was prepared and settled, upon which defendant moved

for a new trial, which was overruled by the court. The appeal is from the judgment and the order overruling the motion for a new trial.

The first error assigned and argued in this court was the sustaining of the demurrer to the further answer and defense. The court committed no error in sustaining this demurrer. All the facts attempted to be plead by this further answer and defense, in so far as the same was competent and constituted a defense, could be proved under a special denial.

In the case of *Gallick v. Bordeaux*, 22 Mont. 470, 56 Pac. 961, the supreme court of Montana quotes with approval from Mr. Phillips on Code Pleading as follows: "A general denial puts in issue all the essential averments of the complaint, puts the burden of proving them upon the plaintiff, and admits evidence by the defendant (1) to controvert plaintiff's evidence, (2) to disprove his allegations, and (3) to prove other and inconsistent facts. Under such denial, the defendant may prove his right to possession, or that he, as an officer, levied on the property at the suit of a creditor of him from whom the plaintiff obtained it in fraud of creditors, or he may show title in a stranger." To the same effect are *Lindsay v. Wyatt*, 1 Ida. 738; *Cornwall v. Mix*, 3 Ida. 687, 34 Pac. 893; *Jones v. McQueen*, 13 Utah, 178, 45 Pac. 202; *Summerville v. Stockton Milling Co.*, 142 Cal. 529, 76 Pac. 243.

Under the general denial the defendant may show his right to possession by virtue of a lien. (*Lindsay v. Wyatt*, 1 Ida. 738; *Williams v. Ashe*, 111 Cal. 180, 43 Pac. 595; *Sutton v. Stephan*, 101 Cal. 545, 36 Pac. 106.) General denial as used in these cases means the same as a special denial under the statute of this state where the complaint is verified.

Upon the trial of the cause, one Edward C. Cleaver, the general manager of the Idaho Placer Mining Company, Limited, testified on behalf of the plaintiff. In the course of his testimony he produced (and it was admitted in evidence), his appointment as agent and general manager of said company. He testified to a demand made upon the defendant for the property in controversy in this case. He also produced

a bill of sale from the Idaho Placer Mining Company, to the Idaho Placer Mining Company, Limited, signed by the defendant as president of the Idaho Placer Mining Company, and O. M. Harvey, secretary, conveying to the plaintiff from the Idaho Placer Mining Company the property in dispute in this case. On cross-examination he testified that he was present when the bill of sale was prepared and signed; and he also testified that the consideration named in the bill of sale had been paid, except that part of the consideration wherein it was provided that the Idaho Placer Mining Company, Limited, would issue to each stockholder of the Idaho Placer Mining Company, the same number of shares as held in the original company. He testified also that at the time of making the bill of sale and simultaneous with it, a deed was made by the original company to the new company, and that the deed recited certain conditions under which the transfers were made from the old company to the new, whereupon he was asked by counsel for defendant this question: "You will produce it, please?" to which question the plaintiff objects as being "irrelevant and immaterial and not proper cross-examination," and the objection was sustained by the court and the defendant excepts. This was clearly error, as under the issues in the case, the defendant might show any facts from which the court or jury might conclude that the plaintiff was not entitled to the possession of the property in controversy, or that the defendant had the right to this possession by virtue of a lien or otherwise, or that the right of possession remained in a third party. In other words, this witness having produced the bill of sale and having testified that a deed to the real property was made at the same time and that it contained the recital of certain conditions upon which the sale was made, it was certainly competent for the defendant to inquire what those conditions were in order that the court or jury might determine whether the plaintiff was entitled to the possession of the property in dispute.

The defendant having been called as a witness in his own behalf, on direct examination, was asked by his counsel this

question: "While you were president and general manager of this company, what was done with the stock of the company?" This question was preliminary and in aid of the record testimony might have a tendency to show whether or not the money with which the property in controversy was constructed and created was obtained by the sale of the stock belonging to the old company, or to this defendant. The defendant was also asked by his counsel this question: "Whose money was it that constructed that dredge?" The plaintiff objected to this question, and the court sustained the objection and the defendant excepted. The defendant certainly had a right to show whether or not the property in controversy was created or purchased with his own money or with the money of the old company. The right of possession might turn on the question as to whom the dredge belonged; its ownership might depend upon whose money purchased it; if so, this evidence might be very material in determining the right to the possession. This evidence should have been allowed and the trial court erred in sustaining the objection to these two questions. Later on in the evidence of this witness, after he had testified to his possession of this property, he testified as follows: "They always contended the boat was mine until I got paid for it. It was my money that bought the boat and my stock that got the money." On motion of the plaintiff, the court struck this answer out, and defendant excepted. This was clearly error. Whose money purchased the boat, and to whom the dredge belonged, was material and competent for the purpose of aiding the jury and court to determine the right of possession to the dredge.

It appears from the evidence that in another action in the district court of Washington county wherein the Idaho Placer Mining Company, Limited, was plaintiff, and the plaintiff herein was defendant, in a cross-complaint filed in said action certain allegations and statements were made which the plaintiff in this action claims contradicted the defendant's testimony, and the plaintiff offered such cross-complaint in evidence for the purpose of impeaching and contradicting the defendant's testimony in this action.

Upon re-examination of the defendant by his counsel as to the statements made in his cross-complaint, and why they were so made, he was asked to explain the same, to which plaintiff objected, and the court sustained the objection, and the defendant excepted. This was clearly error. Where a writing of a witness is offered in evidence which seems to impeach or contradict such witness, it is always the privilege of the witness to explain such statements if he can, and to detail the circumstances under which the same were made, and then the jury or court may determine the truth or falsity of his evidence. (*Douglas v. Douglas,* 4 Ida. 293, 38 Pac. 934.)

Upon the trial the defendant called as a witness on his behalf, O. M. Harvey, who was secretary of the Idaho Placer Mining Company at the time the bill of sale and deed referred to in this opinion were made. And counsel for defendant asked him to produce the by-laws of the company, and offered in evidence article 9 of such by-laws for the purpose of showing that the meeting held which resulted in the making of the bill of sale and deed was not called in accordance with the by-laws of said company. This was not error. The old company was making no objection to said transfer and was not seeking to avoid the same, and the defendant is not in a position to make such claim for said company, especially in view of the fact that he signed the bill of sale as president, and so far as the old company is concerned, it surrendered the right of possession under said transfer to the plaintiff herein. In an action in claim and delivery, the real question at issue is the right of possession of the property in controversy, and this being the issue, it is competent for the defendant to offer any evidence which may tend to show that the plaintiff did not have the right of possession at the time the action was commenced, as the plaintiff's right to recover depends wholly upon its right to possession. The court in this case should have admitted all evidence offered by the defendant which in any way challenged or contradicted the plaintiff's right to possession at the time the action was commenced. The judgment in this

case will be reversed, and a new trial granted, and the cause remanded. Costs awarded to the appellant.

Ailshie, C. J., and Sullivan, J., concur.