(February 2, 1926.)

TRANSPORT MOTOR COMPANY, a Corporation, Appellant, v. ROBERT L. FERGUSON and W. A. MONROE, Respondents.

[243 Pac. 825.]

CLAIM AND DELIVERY — CONDITIONAL SALES CONTRACT — ASSIGNMENT — SECURITY — EXTENSION AGREEMENT — RELEASE OF LIEN BY CONDITION PERFORMED.

1.   Defendant in claim and delivery may show any facts or circumstances tending to dispute or deny right of plaintiff to possession.

2.   All claim of conditional seller of truck and of third person to whom conditional sales contract was assigned as security to another truck owned by conditional buyer of first truck, but included in the conditional sales contract as security, was released by buyer paying the amount, on payment of which the contract provided such truck would be released.

3.   Claim or right to one of two trucks covered by conditional sales contract is not acquired by seller through an extension agree-

ment made after such truck had been released by performance of condition, nor by assignment from third party holding contract as security.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action of claim and delivery. Judgment for defendant. *Affirmed.*

Ezra R. Whitla, for Appellant.

The written contracts having been admitted they must be taken for what they are shown to be on their face and parol evidence cannot be introduced to change the same. (C. S. 6704; *Carpenter v. Shinners,* 108 Cal. 359, 41 Pac. 473, 474; *Craven v. Bos,* 38 Ida. 722, 225 Pac. 136.)

If by agreement of parties the instrument is to act as security it will continue to be such even though it was originally discharged, as subsequent agreement reinstates mortgage or lien formerly discharged, and the intention of the parties to continue the same as security for any debt will govern. (27 Cyc. 1074, 1433; *Bogert v. Stricker,* 11 Misc. Rep. 88, 32 N. Y. Supp. 875.)

In actions of claim and delivery the right to the possession is the only question involved. (*Smith v. Washburn-Wilson Seed Co.,* 40 Ida. 191, 232 Pac. 574; *Wm. Johnson L. & L. Co. v. Harris* (Nev.), 231 Pac. 1095; *Parke v. Franciscus,* 194 Cal. 284, 228 Pac. 435.)

As the contract in question provides for the plaintiff having the possession upon failure of the defendant to pay all that was due or upon the defendant removing the property from the state, he becomes entitled to the possession

Publisher's Note.
1. See 23 R. C. L. 934.

See Assignments, 5 C. J., sec. 124, p. 948, n. 90.
Evidence, 22 C. J., sec. 1531, p. 1144, n. 71.
Liens, 37 C. J., sec. 52, p. 333, n. 19; sec. 61, p. 339, n. 2 New.
Replevin, 34 Cyc., p. 1507, n. 54.

upon the conditions broken no matter whether the contract is a conditional sales contract or a mortgage, and being entitled to the possession he was entitled to a judgment in the case. (*First Nat. Bank v. Steers,* 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225; *Martin v. Holloway,* 16 Ida. 513, 102 Pac. 3, 25 L. R. A., N. S., 110; *Henry Jenning & Sons v. Weinberger,* 75 Or. 556, 146 Pac. 1087; *Mayes v. Stephens,* 38 Or. 512, 63 Pac. 760; *Blackfoot City Bank v. Clements,* 39 Ida. 194, 226 Pac. 1079.)

John P. Gray and W. C. McEachern, for Respondents.

The plaintiff, having elected to retake possession of the goods, is now estopped from collecting the balance of the purchase price. (*Pease v. Teller Corp., Ltd.,* 22 Ida. 807, 128 Pac. 981; *Utah Implement Vehicle Co. v. Kesler,* 36 Ida. 476, 211 Pac. 1079; *Peasley v. Noble,* 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216; Williston on Contracts, sec. 736; *Eilers Music House v. Douglas,* 90 Wash. 683, 156 Pac. 937, L. R. A. 1916E, 613.)

"Where, pursuant to such a contract, the property is repossessed and sold for sufficient to pay the debt, or repossessed and not sold, and the reasonable value thereof is found to be sufficient to pay the debt, the obligation of the maker is discharged." (*Wright v. Horton,* 32 Ida. 516, 185 Pac. 555.)

"In an action for claim and delivery, the real question at issue is the right of possession of the property in controversy, and this being the issue, it is competent for the defendant to offer any evidence which may tend to show that the plaintiff did not have the right of possession at the time the action was commenced, as the plaintiff's right to recover depends wholly upon his right to possesssion." (*Idaho Placer Min. Co. v. Green,* 14 Ida. 249, 93 Pac. 954; *Schleiff v. McDonald,* 41 Ida. 50, 237 Pac. 1108; *Kennett v. Peters,* 54 Kan. 119, 45 Am. St. 274, 37 Pac. 999.)

WM. E. LEE, J.—Respondent was the owner of a Federal truck and conditionally purchased from appellant's prede-

cessor what is known as a Transport truck. On December 8, 1921, not having made the required payments on the Transport truck and title thereto being in appellant, respondent and appellant made and entered into a conditional sale contract wherein and whereby respondent again purchased the Transport truck from appellant, and the Federal truck was also included in this contract. One of the terms of the conditional sale contract was that it would be assigned to the Union Trust Company of Spokane, Wash. The assignment to the trust company was made and, because of the failure of the respondent to make all the specified payments, certain negotiations were entered into which resulted in the making of what is referred to as the extension agreement. Respondent failed to make further payments and, on payment by appellant to the trust company of the amount due it, the conditional sale contract and the extension agreement were reassigned to appellant. In an action in the state of Washington, in which appellant was plaintiff and respondent was defendant, appellant possessed itself of the Transport truck, sold the same and commenced this action in claim and delivery to secure possession of the Federal truck. The cause was tried to the court without a jury and from a judgment in favor of respondent this appeal is prosecuted.

The evidence amply sustains the finding that the Federal truck belonged to respondent and was included in the conditional sale contract as security for the payment of $800 on the purchase price of the Transport truck. It was provided in the conditional sale contract that on "Payment of .... $800 .... a partial release will be issued covering the Federal truck .... " Over $1,600 was paid on the contract and the Federal truck was effectually though not formally discharged before the extension agreement was made. At the time of making the extension agreement neither the trust company nor appellant had any right, title or interest whatever in the Federal truck. It belonged to respondent and was free from the conditional sale contract. The extension agreement was between the trust com-

pany, appellant and respondent. It recited that according to the conditional sale contract there was owing the trust company $1,059.99 and interest and appellant $1,244 and interest. It was agreed that "$1,059.99, owing the Union Trust Company . . . . *may be paid* . . . . " in instalments at certain stated periods. There is not contained in the extension agreement any express promise to pay any sum whatever to either the trust company or appellant. Another provision of the extension agreement was:

"It is further understood and agreed that when the balance owing the Union Trust Company as described herein shall have been fully paid that said Union Trust Company shall release thereupon all its rights, title and interest in and to Federal Truck Serial No. R79090, Motor No. 16322, and shall also assign without recourse all its right, title and interest in the automobile Conditional Sales Contract herein described to the Transport Motor Company, and the Transport Motor Company shall also release all such right, title and interest as it may have in said Federal truck."

It is clear that the extension agreement was in no sense a conditional sale contract, and, by its provisions, did not replace the Federal truck within the provisions of the conditional sale contract. The most that can be said of the extension agreement is that the parties intended that the Federal truck should be held by the trust company as security for the payment to it of $1,059.99 and interest. It does not purport to secure the payment of any money to appellant, and it was to be "released" when the trust company had been paid. No payment having been made by respondent to the trust company subsequent to the extension agreement, and the balance due the trust company having been paid by appellant, the trust company executed an assignment of the conditional sale contract to appellant and specifically therein "released all its right, title and interest in and to said trucks." The court found (which finding VI is not assigned as error) that, by this assignment, the trust company "did not convey any right or interest or claim whatsoever in or to" the Federal truck; and that the trust

company released "all its right, title and interest in" the Federal truck.

[1] Appellant contends that evidence of respondent, tending to vary or contradict the terms and conditions of the conditional sale contract, should not have been admitted. The rule contended for by appellant has but little if any application to the facts in this case. The purpose of respondent's evidence was not to dispute the terms of the conditional sale contract but was to show that, as to the Federal truck alone, appellant was never its owner, and that the Federal truck was included in the conditional sale contract as security for the first $800 to be paid on the purchase price of the Transport truck. That this was the real situation was admitted by the witness for appellant who negotiated the making of the conditional sale contract. In an action in claim and delivery, the defendant may show any facts or circumstances which tend to dispute or deny the right of plaintiff to possession. (*Idaho Placer Min. Co., Ltd., v. Green,* 14 Ida. 249, 93 Pac. 954.) [2] Admitting, however, that respondent purchased the two trucks from appellant under the conditional sale contract, which is the most favorable position for appellant, and that it was entitled, as to the Federal truck, to all the rights and remedies provided in the conditional sale contract, this contract specifically provided that the Federal truck would be released from the obligation of the conditional sale contract on the payment by respondent of $800. Respondent paid more than $800 and the Federal truck was thereby released from any and all claim or demand of appellant or the trust company.

[3] Any right of appellant to the Federal truck, on which it could maintain this action, has its sole basis in the extension agreement, and in it there is no express promise on the part of respondent to do anything. Nowhere in it does respondent in any manner pledge or hypothecate the Federal truck as security for anything. Viewed most unfavorably to respondent the extension agreement simply provided that no release of the Federal truck would be made

until the indebtedness due the trust company was paid. Presuming for the purpose of argument that, by the extension agreement, it was the intention of the parties that the Federal truck should be or remain thereby hypothecated, it was, in such event, only to secure the payment of a sum to the trust company; and the court made a finding, the correctness of which is not challenged, that the trust company released all its right, title and interest in the Federal truck. The trust company assigned to appellant all its right, title and interest in the conditional sale contract. Under this contract, neither the trust company nor appellant had any claim to the Federal truck, for it had been effectively released from that contract, according to the express terms thereof by the payment of more than $800. The trust company also assigned to appellant all its right, title and interest in the extension agreement. Under this agreement appellant had no claim to the Federal truck, and no right to the Federal truck was acquired by it through the assignment, for that instrument expressly released the Federal truck, and the court found that it "did not convey any right, title or claim whatsoever in or to said Federal truck." Appellant had neither title nor right to the possession of the Federal truck, and was not entitled to recover in its action of claim and delivery.

Affirmed. Costs to respondent.

William A. Lee, C. J., and Budge, J., and Featherstone, Dist. J., concur.

GIVENS, J., Concurring Specially.—The court's finding No. 6 was as follows:

"The court further finds that the plaintiff paid to the Union Trust Company of Spokane, a corporation, the balance due upon said contract which was assigned to the Union Trust Company; that said Union Trust Company thereupon re-assigned said contract to the Transport Motor Company, and said Union Trust Company did release all its right, title and interest in and to said truck; that said re-assign-

ment to the Transport Motor Company did not convey any right, title, interest or claim whatsoever in or to said Federal truck."

Appellant takes no exception to this finding. If the Transport Motor Company did not have any right, title, interest or claim whatsoever in or to the Federal truck it had no right to bring an action of replevin. Judgment was therefore properly entered in behalf of respondent.